IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION NO. |
| v. | ) ) | |
| | ) ) | **COMPLAINT** |
| GARRISON CONTRACTORS, INC., | ) ) | |
| Defendant. | ) ) | **JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct the unlawful employment practices on the basis of retaliation and to provide relief to Elma Garza.  The Commission alleges that Defendant Garrison Contractors, Inc. (hereafter "Defendant") violated Title VII by terminating Ms. Garza's employment in retaliation for complaining of sexual harassment.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §451, 1331, 1337, 1343, 1345.  This action is authorized and instituted pursuant to Section 706(1)(f) and (3) of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. §2000e-5(f) (1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A..

2.  The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Western District of Texas.

## PARTIES

3.    Plaintiff, Equal Employment Opportunity Commission of (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII of the Civil Rights Act of 1964, as amended and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4.    At all relevant times, Defendant has continuously been and is now doing business in the State of Texas and the City of Iraan, and has continuously had at least fifteen employees.

5.    At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §2000e-(b), (g) and (h).

## STATEMENTS OF CLAIMS

6.     More than thirty days prior to the institution of this lawsuit, Elma Garza filed a charge with the Commission alleging violations of Title VII of the Civil Rights Act of 1964, as amended, by the Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.    Since February 2013, the Defendant has engaged in unlawful employment practices at its Iraan, Texas, facility in violation of Section (704)(a) of Title VII, 42 U.S.C. §2000e-3(a), by terminating Elma Garza's employment in retaliation for complaining of sexual harassment. The EEOC alleges that, during her employment with Defendant, she was subjected to unwelcome sexual conduct by a co-worker and by an employee of another company. Ms. Garza's complaints of the harassment came to the attention of Defendant's CEO, Todd Bausch, who then terminated her employment for engaging in protected activity under Title VII.   The

EEOC alleges that reasons proffered by Defendant for Ms. Garza's discharge are a pretext for discrimination, and that but for Ms. Garza's complaints of discrimination, she would not have been discharged.

8. The result of the foregoing practices has been to deprive Elma Garza of equal employment opportunities because of retaliation prohibited under Title VII.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Elma Garza.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which unlawfully retaliates against employees.

B. Order the Defendant to institute and carry out policies, practices, and programs which eradicate the effects of its past and present unlawful unemployment practices.

C. Order the Defendant to make whole Elma Garza by providing appropriate back pay with prejudgment interest in amounts to be determined at trial, front pay and pecuniary damages, including out-of-pocket expenses, and other affirmative relief necessary to eradicate the effects of the Defendant's unlawful employment practices, including but not limited to rightful place reinstatement under terms and conditions which will permit Ms. Garza to work free from discrimination.

D.  Order the Defendant to make Elma Garza whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including but not limited to, pain and suffering, humiliation, embarrassment, emotional distress, anxiety, and loss often enjoyment of life, in amounts to be determined at trial.

E.  Order the Defendant to pay Elma Garza punitive damages for its malicious conduct or reckless indifference  described in paragraphs 7 and 10 above, in an amount to be determined at trial.

F.  Grant such further relief as the Court deems necessary and proper in the public interest.

G.  Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

GWENDOLYN Y. REAMS
Associate General Counsel

/s/ Robert A. Canino
ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

/s/ Toby W. Costas
TOBY W. COSTAS
Supervisory Trial Attorney
Texas State Bar No. 04855720

/s/Devika Seth
DEVIKA SETH
Senior Trial Attorney
District of Columbia Bar No. 975161

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 South Houston Street, 3rd Floor
Dallas, Texas 75202
Tel No. (214) 253-2764
Fax No. (214) 253-2749

Case 4:14-cv-00073-RAJ   Document 1   Filed 09/30/14   Page 6 of 6